FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

2014 MAR 14  PM 3: 39

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

AARON M. SWIFT,
an individual,

Case No.:

     Plaintiff,

v.

8:14 cv641 T27 AEp

FFAM, INC.,
d/b/a FIRST FINANCIAL ASSET
MANAGEMENT, INC.,
a foreign for-profit corporation,
FIRST FINANCIAL INVESTMENT
FUND HOLDINGS, LLC, d/b/a
FIRST FINANCIAL INVESTMENT
FUND VI, LLC,
a foreign limited liability company, and
TATE & KIRLIN ASSOCIATES INC.,
a foreign for-profit corporation,

     Defendants.

_____/

### VERIFIED COMPLAINT

**COMES NOW** Plaintiff, AARON M. SWIFT (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendants, FFAM, INC., d/b/a FIRST FINANCIAL ASSET MANAGEMENT, INC. (hereinafter, "FFAM"), FIRST FINANCIAL INVESTMENT FUND HOLDINGS, LLC, d/b/a FIRST FINANCIAL INVESTMENT FUND VI, LLC (hereinafter, "FFIF"), and TATE & KIRLIN ASSOCIATES INC. (hereinafter, "T&K") (hereinafter collectively, "Defendants"), and alleges:

### PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendants' violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida

1

JFA-22398
# 400

Statutes (hereinafter, "FCCPA), the Fair Debt Collection Practices Act, 15 U.S.C., Section 1692, *et seq.* (hereinafter, "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C., Section 227 *et seq.* (hereinafter, "TCPA"), the Fair Credit Reporting Act, 15 U.S.C., Section 1681 *et seq.* (hereinafter, "FCRA"), and for declaratory judgment and injunctive relief in equity.

## JURISDICTION, VENUE, AND PARTIES

1.      Jurisdiction of this Court arises under 15U.S.C., Section 1692k(d),47 U.S.C., Section 227(b)(3), 15 U.S.C., Section 1681p, 28 U.S.C., Section 1337. Supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C., Section 1367. Declaratory relief is available pursuant to 28 U.S.C., Sections 2201 and 2202.

2.      Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

3.      At all material times herein, the conduct of Defendants, complained of below, occurred in Pinellas County, Florida.

4.      At all times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5.      Defendant FFAM is a foreign for-profit corporation existing under the laws of the State of Delaware that, itself and through its subsidiaries, regularly collects consumer debts owed to another from consumers in Pinellas County, Florida.

6.      Defendant FFIF is a foreign limited liability company existing under the laws of the State of Delaware that, itself and through its subsidiaries, regularly purchases and attempts to collect allegedly-defaulted consumer debts from consumers in Pinellas County, Florida.

7.     Defendant T&K is a foreign for-profit corporation existing under the laws of the State of Pennsylvania that, itself and through its subsidiaries, regularly collects consumer debts owed to another from consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

8.     At all times herein, Defendants attempt to collect a debt, including, but not limited to, an alleged consumer medical debt allegedly originally owed to Palms of Pasadena Hospital in 2010, referenced by Defendant FFAM's account number ending in -0237, and Defendants FFIF's and T&K'saccount number ending in -0467 (hereinafter, the"Alleged Debt").

9.     At all times herein, the Alleged Debt was a consumer debt, incurred primarily for personal, household or family use.

10.     At all times herein, Defendants are each a "debt collector" as defined by the FDCPA, 15 United States Cody, Section 1692a(6), and the FCCPA, Florida Statutes, Section 559.55(6).

11.     At all material times, the Defendants are each a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12.     At all times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5) and 15 United States Code, Section 1692a(2).

13.     At all times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

14.     All necessary conditions precedent to the filing of this action occurred or

3

have been waived by Defendants.

## FACTUAL ALLEGATIONS

15.     During or about September 2010, Plaintiff received emergency medical and hospitalization care at Palms of Pasadena Hospital.

16.     Plaintiff paid for the immediately-aforementioned medical services via insurance and his associated copay.

17.     As such, all financial obligations resulting from said care have been fully satisfied, paid, and/or settled.

18.     Therefore, the Alleged Debt Defendants attempted to collect was not owed.

19.     When the Alleged Debt was incurred, Plaintiff's cellular telephone number was 717.695.1579.

20.     Plaintiff is currently the owner, regular user, and possessor of a cellular telephone with the assigned number 727.515.9090.

21.     Defendant FFAM's telephone calls, as more specifically alleged below, were made to Plaintiff's current cellular telephone number 727.515.9090 (hereinafter, "cellular phone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

22.     On or before May 2013, Palms of Pasadena Hospital sold the Alleged Debt to Defendant FFIF.

23.     On or before May 2013, Defendant FFIF turned the Alleged Debt over to Defendant FFAM for collection from Plaintiff.

24.     At the time Defendant FFIF acquired the Alleged Debt, it was allegedly in

4

default.

25.     At the time Defendant FFIF acquired the Alleged Debt, Defendant FFIF failed to properly and completely receive title to the Alleged Debt.

26.     Specifically, Defendant FFIF neither received origination documents nor a properly executed assignment of the Alleged Debt from Palms of Pasadena Hospital. Further, Defendant FFIF did not receive the Alleged Debt with an allonge satisfactorily attached thereto.

27.     In approximately May 2013, Defendant FFAM began calling Plaintiff's cellular phone using an ATDS or PTDS.

28.     All of the below-referenced telephone calls from Defendant FFAM were made on Defendant FFIF's behalf, with FFIF's knowledge, consent, and approval, and constitute an indirect attempt by Defendant FFIF to collect the Alleged Debt from Plaintiff.

29.     Plaintiff never gave Palms of Pasadena Hospital—or Defendants—prior express consent to be called on his cellular phone using an ATDS, PTDS, or APV.

30.     Further, Plaintiff did not have the cellular phone number, as defined above, at the time the Alleged Debt was incurred. Plaintiff, therefore, did not – and could not – provide his current cellular phone number to Palms of Pasadena Hospital or Defendants at the time of the transaction that resulted in the Alleged Debt.

31.     On or about July 22, 2013, Defendant FFAM called Plaintiff's cellular phone using an ATDS, PTDS, or APV.

32.     The immediately-aforementioned call was placed from telephone number 214.379.8332 and was made in an attempt to collect the Alleged Debt.

33.     On or about July 25, 2013, DefendantFFAM called Plaintiff's cellular

5

phone using an ATDS, PTDS, or APV.

34.     The immediately-aforementioned call was placed from telephone number 855.478.6382 and was made in an attempt to collect the Alleged Debt.

35.     On or about July 30, 2013, Defendant FFAM called Plaintiff's cellular phone using an ATDS, PTDS, or APV.

36.     The immediately-aforementioned call was placed from telephone number 877.290.2718 and was made in an attempt to collect the Alleged Debt.

37.     Further, during the above-referenced July 30, 2013 call, Plaintiff spoke with Defendant FFAM's employee or representative "Antwan." Plaintiff advised Antwan that the Alleged Debt had been paid, was illegitimate, and that the Alleged Debt was in dispute. Plaintiff further requested that Defendant FFAM send him validation of the Alleged Debt.

38.     Antwan advised Plaintiff that a validation letter had already been sent to Plaintiff's current address, 3901 12th Street NE, St. Petersburg, FL 33703. Plaintiff, however, was not living at his current address until June 25, 2013.

39.     On or about July 31, 2013, at approximately 9:49 a.m. EST, Defendant FFAM called Plaintiff's cellular phone using an ATDS, PTDS, or APV.

40.     The immediately-aforementioned call was placed from telephone number 855.478.6382 and was made in an attempt to collect the Alleged Debt.

41.     On or about July 31, 2013, at approximately 10:54 a.m. EST, Defendant FFAM called Plaintiff's cellular phone using an ATDS, PTDS, or APV.

42.     The immediately-aforementioned call was placed from telephone number 803.728.8342 and was made in an attempt to collect the Alleged Debt.

43.     On the above-referenced July 31, 2013 call, Plaintiff spoke with

Defendant FFAM's employee or representative "Derek Savage" (hereinafter, "Mr. Savage") and again disputed the Alleged Debt and requested Defendant FFAM send him validation of the Alleged Debt.

44. Further, Plaintiff requested Defendant FFAM's address from Mr. Savage so Plaintiff could make his dispute and validation request in writing. Mr. Savage, however, refused to provide such address.

45. Additionally, Mr. Savage said "you obviously don't plan to pay" and advised Plaintiff he had "to make a decision on your account, if we are going to pursue you." Plaintiff inquired as to what Mr. Savage's statement meant, at which time Mr. Savage stated that he was going to "make a decision to move forward against [Plaintiff]."

46. On or about August 9, 2013, at approximately 8:22 a.m. EST, Defendant FFAM called Plaintiff's cellular phone using an ATDS, PTDS, or APV.

47. The immediately-aforementioned call was placed from telephone number 855.478.6382 and was made in an attempt to collect the Alleged Debt.

48. On or about August 9, 2013, Plaintiff sent Defendant FFAM a certified letter requesting validation of the Alleged Debt. Plaintiff further requested that Defendant FFAM and FFIF cease calling his cellular phone. Please see attached a true and correct copy of said letter and certified mail receipt labeled as Exhibit "A1-A2."

49. Defendant FFAM provided a copy of Plaintiff's August 9, 2013 letter to its parent/sister company, Defendant FFIF.

50. On or about August 14, 2013, despite receiving Plaintiff's cease and desist letter and request for validation, Defendant FFAM called Plaintiff's cellular phone using an ATDS, PTDS, or APV, at approximately 8:25 a.m. EST.

51. The immediately-aforementioned call was placed from telephone number

7

855.478.6382 and was made in an attempt to collect the Alleged Debt.

52.    On or before October 22, 2013, Defendant FFIF turned the Alleged Debt over to Defendant T&K for collection.

53.    Defendant FFIF provided Defendant T&K a copy of Plaintiff's August 9, 2013 letter which disputed the Alleged Debt and requested validation.

54.    On or about October 22, 2013, despite having received Plaintiff's August 9, 2013 letter which disputed the Alleged Debt and requested validation, Defendant T&K accessed Plaintiff's TransUnion credit file and pulled Plaintiff's TransUnion credit report. Please see attached the relevant page of Plaintiff's October 26, 2013 TransUnion credit report labeled as Exhibit "B."

55.    Defendant T&K did not obtain Plaintiff's prior written consent to access Plaintiff's TransUnion credit report and file prior to accessing said file and pulling said report on October 22, 2013.

56.    Likewise, as Plaintiff did not—and does not—owe the Alleged Debt, and Defendant T&K received a copy of Plaintiff's August 9, 2013 dispute and validation request letter, Defendant T&K did not have the legal right to pull Plaintiff's TransUnion credit report.

57.    On or about October 25, 2013, despite having received Plaintiff's August 9, 2013 dispute and validation request letter, Defendant T&K sent Plaintiff a collection letter in an attempt to collect the Alleged Debt.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "C1-C2."

58.    The above-referenced collection attempt by Defendant T&K was made on Defendant FFIF's behalf, with FFIF's knowledge, consent, and approval, and constitutes an indirect attempt by Defendant FFIF to collect the Alleged Debt from Plaintiff.

59.     Defendants' collective conduct, as described above, are knowing, willful, and continuing violations of Plaintiff's rights, as enumerated under the TCPA, FDCPA, FCCPA, and FCRA.

60.     Given Defendants' conduct, and their apparent intention and ability to continue to collect the Alleged Debt directly from Plaintiff in violation of said =laws, Plaintiff has no adequate remedy at law.

61.     Plaintiff has retained Leavengood, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel") for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

62.     Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent, temporarily displaced violation, plus actual damages, and an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter against Defendants.

63.     United States Code, Title 15, Section 1692k provides for the award of $1,000.00 statutory damages, plus actual damages, costs, and an award of attorneys' fees to Plaintiff should Plaintiff prevail in this matter against Defendants.

64.     United States Code, Title 15, Section 1681n provides for an award of actual damages sustained or statutory damages of up to $1,000.00, but no less than $100.00, punitive damages, an award of attorneys' fees and costs to the Plaintiff should Plaintiff prevail in this matter against Defendant T&K.

65.     United States Code, Title 15, Section 1681o provides for an award of actual damages sustained, and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter against Defendant T&K.

66.     United States Code, Title 47, Section 227(b)(3) provides for the award of

9

$500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's cellular telephone in violation of the TCPA or the regulations proscribed thereunder.

67.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular phone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

68.     At all times herein, it would have been possible for Defendants FFIF and FFAM to avoid violating the terms of the TCPA.

69.     At all times herein, Defendants FFIF and FFAM did not have Plaintiff's prior express consent to use an automatic dialing system, a predictive dialing system, or an artificial or pre-recorded voice when calling Plaintiff's cellular phone.

70.     As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

71.     Defendants FFIF and FFAM are subject to, and have violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

72.     Defendant FFAM, on Defendant FFIF's behalf, repeatedly called Plaintiff's cellular telephone using an ATDS, PTDS, or APV despite lacking Plaintiff's prior express consent to do so.

73.     Despite Defendant FFAM having received Plaintiff's dispute letter requesting validation of the Alleged Debt and requesting that all communication with Plaintiff's cellular phone cease, Defendant FFAM, on Defendant FFIF's behalf, continued to repeatedly call Plaintiff's cellular phone using an ATDS, PTDS, or APV, and never sent Plaintiff the requested validation information.

74.     Furthermore, when Plaintiff first requested validation of the Alleged Debt from Defendant FFAM's employee or representative "Antwan," he falsely represented to Plaintiff that validation had been sent to Plaintiff's current address in May. Plaintiff, however, did not reside at such address until June 25, 2012. Upon learning this, Antwan then stated validation was sent to Plaintiff's previous address. However, despite Defendant FFAM's false statements, Plaintiff never received any validation documents.

75.     Additionally, Defendant FFAM's employee or representative, Mr. Savage, asserted he was going to "pursue" and "move forward against" Plaintiff with regard to the Alleged Debt.

76.     Defendant FFAM knew that the Alleged Debt was neither legitimate nor collectible, thus Mr. Savage's threats asserted the existence of a legal right to sue and collect on the Alleged Debt, when in fact no such right existed.

77.     Defendant FFAM made these assertions to intimidate and scare Plaintiff into paying the Alleged Debt and constitute the use of abusive and harassing means in connection with the collection of the Alleged Debt.

78.      Defendant FFAM took all the above-referenced actions, on Defendant FFIF's behalf, and with Defendant FFIF's knowledge, consent, approval, and constitute an indirect attempt by Defendant FFIF to abuse and harass Plaintiff into paying the Alleged Debt.

79.      Defendants FFIF's and FFAM's willful and flagrant violations of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitute unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

80.      As a direct and proximate result of Defendants FFIF's and FFAM's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

81.      Defendants are subject to, and have violated provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Alleged Debt with knowledge that the Alleged Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

82.      Defendant FFAM's employee or representative, Mr. Savage, asserted he was going to "pursue" and "move forward against" Plaintiff with regard to the Alleged Debt.

83.      Furthermore, Defendant T&K sent Plaintiff a collection letter which represented the Alleged Debt as legitimate and collectible.

84.      Defendants, however, knew that the Alleged Debt was neither legitimate

nor collectible.

85.     Thus, Mr. Savage's threats asserted the existence of a legal right to sue Plaintiff in an effort to collect the Alleged Debt, and both Mr. Savage's threats and T&K's collection letter asserted the Alleged Debt was and is legitimate and collectible. All of these assertions were false, as no such rights existed and the Alleged Debt was not legitimate.

86.     Defendants' false assertions are further evidenced by the fact that Defendants have failed to produce any validation documents as requested by Plaintiff, and that no lawsuit has been filed by Defendants in an attempt to collect the Alleged Debt, despite Defendant FFAM's threats to do the same.

87.     Defendants FFAM and T&K took all the above-referenced actions on Defendant FFIF's behalf, and with Defendant FFIF's knowledge, consent, and approval, and constitute indirect attempts by Defendant FFIF to collect the Alleged Debt from Plaintiff.

88.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692e(2)(A)**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

89.     Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692e(2)(A) by falsely representing the amount, legal status or character of the Debt.

90.     Defendants FFAM and T&K falsely represented the Alleged Debt as

13

legitimate and collectible.

91.      Further, Defendant FFAM represented the Alleged Debt as actionable by threatening to "move forward against" and "pursue" Plaintiff.

92.      Both of the above-referenced assertions were false representations of the legal status or character of the Debt.

93.      Defendants FFAM and T&K took all the above-referenced actions on Defendant FFIF's behalf and with Defendant FFIF's knowledge, consent, and approval, and constitute indirect attempts by Defendant FFIF to collect the Alleged Debt from Plaintiff.

94.      As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C., SECTION 1692e(5)

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

95.      Defendants FFIF and  FFAM are subject to, and have violated the provisions of, 15 United States Code, Section 1692e(5) by threatening to take an action that cannot be legally taken or that is not intended to be taken.

96.      Defendant FFAM's employee or representative, Mr. Savage, advised Plaintiff he was going to decide whether to "pursue" and "move forward against" Plaintiff. Defendants FFIF and FFAM, however, had no such intention.

97.      Further, Defendant FFAM represented that the Alleged Debt is legitimate and actionable by threatening legal action against Plaintiff.  Defendant FFAM, however, knew that the Alleged Debt was neither legitimate nor actionable, as Defendant

FFAM received Plaintiff's request for validation and did not—and could not—provide information or documents that validated the Alleged Debt.

98.     Defendants FFAM took all the above-referenced actionson Defendant FFIF's behalf and with Defendant FFIF's knowledge, consent, and approval, and constitute indirect attempts by Defendant FFIF to collect the Alleged Debt from Plaintiff.

99.     As a direct and proximate result of Defendants FFIF's and FFAM's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT FIVE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692e(10)**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

100.    Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692e(10) by using false representation and deceptive means in attempting to collect the Alleged Debt.

101.    Defendants each falsely asserted that the Alleged Debt was legitimate and collectable.

102.    Defendants knew the Alleged Debt was illegitimate, evidenced by the fact that Defendants have failed to produce any validation documents, despite Plaintiff's request, or initiate legal proceedings, as threatened, in an attempt to collect the Alleged Debt.

103.    Furthermore, Defendant FFAM's employee or representative, Mr. Savage, advised Plaintiff that he was going to decide whether to "pursue" and "move forward against" Plaintiff. Defendant FFAM, however, had no such intention, has not

initiated legal proceedings to date, has not produced any validation documents, and Mr. Savage is not an attorney and therefore cannot initiate legal proceedings.

104.    Additionally, Defendant T&K sent Plaintiff a collection letter which falsely asserted that the Alleged Debt was legitimate and collectible. Defendant T&K, however, knew that said assertion was false, as neither Defendant T&K, nor any other Defendant, provided written validation of the Alleged Debt to Plaintiff, despite having received a copy of Plaintiff's August 9, 2013 letter which disputed the Alleged Debt and requested validation.

105.    All of the above-referenced actions taken by Defendants FFAM and T&K were false representations and constitute the use of deceptive means in their attempts to collect the Alleged Debt.

106.    Defendants FFAM and T&K took all the above-referenced actions on Defendant FFIF's behalf and with Defendant FFIF's knowledge, consent, and approval, and constitute indirect attempts by Defendant FFIF to collect the Alleged Debt from Plaintiff.

107.    As a direct and proximate result of Defendants' actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

### COUNT SIX:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 U.S.C., SECTION 1692g(b)

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

108.    Defendant T&K is subject to, and has violated the provisions of, 15 United States Code, Section 1692g(b) by communicating with the consumer in a manner which overshadows or is inconsistent with the disclosure of the consumer's rights under section

1692g(a).

109.    Defendant T&K's collection letter contains ample space on the front of the letter for the required disclosures pursuant to 15 United States Code, Section 1692g(a). Defendant T&K, however, purposely and deceptively placed the required disclosures on the back.

110.    Defendant T&K did this with the intent to overshadow Plaintiff's rights so that he would not become aware of his rights pursuant to 15 United States Code, Section 1692g(a).

111.    Defendant T&K violated 15 United States Code, Section 1692g(b) by overshadowing the disclosures required by 15 United States Code, Section 1692g(a) in its initial communication to the consumer.

112.    Further, Defendant T&K violated 15 United States Code, Section 1692g(b) by attempting to collect the Alleged Debt from Plaintiff without first obtaining validation—and mailing Plaintiff a copy of the same—after having received a copy of Plaintiff's August 9, 2013 letter which disputed the Alleged Debt and requested validation.

113.    As a direct and proximate result of Defendant T&K's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT SEVEN:**
**TELEPHONE COMMUNICATIONS PROTECTION ACT-**
**VIOLATION OF 47 U.S.C., SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

114.    Defendants FFIF and FFAM are subject to, and have violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic

telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

115.   Defendant FFAM placed *at least* seven (7) individual telephone calls to Plaintiff's cellular phone using an ATDS, PTDS, or APV.

116.   The immediately-aforementioned calls were made without Plaintiff's prior express consent and were not made for emergency purposes.

117.   Defendants never possessed Plaintiff's prior express consent as Plaintiff had a different cellular telephone number when the Debt was allegedly incurred, and Plaintiff never provided his new cellular telephone number – 727.515.9090 – to Palms of Pasadena Hospital or to any Defendant.

118.   The phone calls made by Defendant FFAM, complained of herein, are the result of a repeated willful and knowing violation of the TCPA.

119.   Additionally, the specific phone calls referenced above are but a sub-set of calls placed to Plaintiff's cellular phone in violation of the TCPA, as Defendant FFAM's calls to Plaintiff's cellular phone started in approximately May 2013. Due to professional and personal obligations, Plaintiff was unable to record the specifics of each and every violative call.  Defendants FFIF and FFAM are in the better position to have detailed records of all calls made to Plaintiff.

120.   Defendant FFAM placed all the above-referenced calls on Defendant FFIF's behalf and with Defendant FFIF's knowledge, consent, and approval, and constitute indirect attempts by Defendant FFIF to collect the Alleged Debt from Plaintiff.

121.   As a direct and proximate result of Defendants FFIF's and FFAM's conduct, Plaintiff has suffered:

a.    The periodic loss of his cellular phone service;

b.    Lost material costs associated with the use of peak time cellular phone minutes allotted under his cellular phone service contract.

c.    The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

d.    Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e.    Statutory damages.

**COUNT EIGHT:**
**UNFAIR CREDIT REPORTING PRACTICE –**
**WILLFUL VIOLATION OF 15 U.S.C. SECTION1681b(a)**

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

122.   Defendant T&K is subject to, and has violated provisions of, 15 United States Code, Section 1681b(a) by willfully pulling Plaintiff's credit report without having a permissible purpose.

123.   Defendant T&K knew that the Alleged Debt was neither legitimate nor collectible, as Defendant T&K received Plaintiff's August 9, 2013 letter which disputed the Alleged Debt and requested validation.  Nonetheless, Defendant T&K did not—and could not—provide information and or documents that validated the Alleged Debt.

124.   Notwithstanding, Defendant T&K willfully pulled/accessed Plaintiff's credit report and credit file without Plaintiff's prior consent.

125.   As a direct and proximate result of Defendant T&K's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1681n.

19

## COUNT NINE:
## UNFAIR CREDIT REPORTING PRACTICE –
## NEGLIGENT VIOLATION OF 15 U.S.C. SECTION1681b(a)

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further states as follows:

126.    Defendant T&K is subject to, and has violated provisions of, 15 United States Code, Section 1681b(a) by negligently pulling Plaintiff's credit report without having a permissible purpose.

127.    Defendant T&K knew, had reason to know, or should have known, that the Alleged Debt was neither legitimate nor collectible.  Further, Defendant T&K did not adequately inquire as to the legitimacy of the Alleged Debt after receiving Plaintiff's August 9, 2013 dispute and validation request letter.

128.    Defendant T&K conducted a pull of Plaintiff's credit report with the above-referenced knowledge or lack thereof.

129.    Defendant T&K had a duty to Plaintiff to act in a lawful manner with regard to Plaintiff's credit file and his credit report.

130.    Defendant T&K's impermissible pulling of Plaintiff's credit report,with knowledge or reason to know the Alleged Debt was not legitimate, breached the duty of care Defendant T&K owed to Plaintiff.

131.    As a direct and proximate result of Defendant T&K's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1681o.

## COUNT TEN:
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff re-alleges paragraphs one (1) through seventy (70) as if fully restated herein and further state as follows:

132.    Unless the Defendants are immediately enjoined from continuing to attempt to collect the Alleged Debt from Plaintiff, Plaintiff will suffer irreparable injury.

133.    Plaintiff has no adequate remedy at law.

134.    Plaintiff has a clear legal right to the protections of the FCCPA, FDCPA, TCPA, and FCRA.

135.    Given Defendants' conduct, and their apparent intention and ability to continue to collect the Alleged Debt directly from Plaintiff in violation of said laws, Plaintiff has no adequate remedy at law.

136.    The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiff respectfully requests against Defendants entry of:

a.      Judgment against Defendants declaring that the Defendants violated the FCCPA, FDCPA, TCPA, and FCRA, with respect to the specific claims referenced above;

b.      Judgment against Defendants enjoining the Defendants from further violations of Plaintiff's rights pursuant to the FCCPA, FDCPA, TCPA, and FCRA;

c.      Judgment against Defendants for statutory damages in the amount of $1,000.00 per independent temporally-displaced violation of the FCCPA;

d.      Judgment against Defendants for statutory damages in the amount of $1,000.00 per Defendant for violations of the FDCPA;

21

e.      Judgment against Defendants for statutory damages in the amount of $500.00 for each of Defendants' telephone calls to Plaintiff's cellular phone that violated the TCPA;

f.      Judgment against Defendants for treble damages in the amount of $1,500.00 for each telephone call to Plaintiff's cellular phone that violated the TCPA for which Defendants acted knowingly and/or willfully;

g.      Judgment against  Defendant T&K for statutory damages in the amount of up to $1,000.00 but no less than $100.00 for its knowing and willful violations of the FCRA;

h.      Judgment against Defendant T&K for actual damages sustained for Defendants violations of the FCCPA, FDCPA, TCPA, and FCRA;

i.      An award of attorneys' fees and costs; and

j.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants, and demands that Defendants and their affiliates, safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully Submitted,

LEAVENLAW

☐Ian R. Leavengood, Esq., FBN 0010167
[X]G. Tyler Bannon, Esq., FBN 105718

22

Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
tbannon@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA              )
                              )
COUNTY OF PINELLAS            )

Plaintiff AARON M. SWIFT, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

AARON M. SWIFT

Subscribed and sworn to before me
this _14_ day of _March_, 2014.

Notary Public

My Commission Expires:

Proof of I.D.: _personally known_



ASHLEY R. PATRICK
MY COMMISSION # EE048638
EXPIRES December 13, 2014
(407) 398-0153   FloridaNotaryService.com

24

August 9, 2013

Aaron Swift
3901 12ᵗʰ St NE
St. Petersburg, FL 33703

First Financial Asset Management       **Via U.S. Certified Mail – Return Receipt Requested**
PO Box 56245                           7012 2920 0002 5147 7913
Atlanta GA, 30343

Re:    Account # - _____0237
       File # - ____3134

Dear FFAM,

I am responding to your contacts about collecting an alleged debt. You have repeatedly contacted my cell phone and identified the debt as being owed to Palms of Pasadena Hospital. I do not have any responsibility for the alleged debt you're trying to collect. I was insured at the time, and I believe either you or the Hospital is engaging in balance billing or haven't properly billed and/or credited the account.

If you have good reason to believe that I am responsible for this debt, mail me the documents that support and validate your assertion. Stop all other communication with me and with telephone number 717-515-9090. Please also record that I dispute having any obligation for this debt. If you stop your collection of this debt, and forward or return it to another company, please indicate to them that it is disputed. If you report this alleged debt to a credit bureau (or have already done so), also report that the debt is disputed.

Thank you for your cooperation.

Sincerely,

Aaron M. Swift

```
EXHIBIT
A 1
```

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

First Financial Asset Management
P.O. Box 56245
Atlanta, GA 30343

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7012 2920 0002 5147 7913

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ .46 | |
| Certified Fee | $3.10 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | $2.55 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To First Financial Asset Mgmt
Street, Apt. No.; or PO Box No. PO Box 56245
City, State, ZIP+4 Atlanta GA 30343

PS Form 3800, August 2006    See Reverse for Instructions

7012 2920 0002 5147 7913



EXHIBIT
A 2

TransUnion

## PENNSYLVANIA ST EMP C U   ＊▬▬▬▬▬▬▬▬＊
PO BOX 67013
HARRISBURG, PA 17106-7013
(800) 237-7328

| | | |
|---|---|---|
| **Date Opened:** 04/10/2003 | **Balance:** $0 | **Pay Status:** Current; Paid or Paying as Agreed |
| **Responsibility:** Individual Account | **Date Updated:** 02/09/2013 | |
| **Account Type:** Installment Account | **Payment Received:** $0 | **Terms:** $0 per month, paid Monthly for 73 months |
| **Loan Type:** UNSECURED | **Last Payment Made:** 08/21/2008 | |
| **Remarks:** ACCOUNT CLOSED BY CONSUMER; CLOSED | **High Balance:** $246 | **Date Closed:** 01/04/2011 |

| | 12/2010 | 11/2010 | 10/2010 | 09/2010 | 08/2010 | 07/2010 | 06/2010 | 05/2010 | 04/2010 | 03/2010 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 02/2010 | 01/2010 | 12/2009 | 11/2009 | 10/2009 | 09/2009 | 08/2009 | 07/2009 | 06/2009 | 05/2009 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 04/2009 | 03/2009 | 02/2009 | 01/2009 | 12/2008 | 11/2008 | 10/2008 | 09/2008 | 08/2008 | 07/2008 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | N/R | OK | OK | OK | OK | OK | OK | OK |

| | 06/2008 | 05/2008 | 04/2008 | 03/2008 | 02/2008 | 01/2008 | 12/2007 | 11/2007 | 10/2007 | 09/2007 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 08/2007 | 07/2007 | 06/2007 | 05/2007 | 04/2007 | 03/2007 | 02/2007 | 01/2007 | 12/2006 | 11/2006 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | N/R | OK | OK | OK | OK |

| | 10/2006 | 09/2006 | 08/2006 | 07/2006 | 06/2006 | 05/2006 | 04/2006 | 03/2006 | 02/2006 | 01/2006 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 12/2005 | 11/2005 | 10/2005 | 09/2005 | 08/2005 | 07/2005 | 06/2005 | 05/2005 | 04/2005 | 03/2005 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 02/2005 | 01/2005 | 12/2004 | 11/2004 | 10/2004 | 09/2004 | 08/2004 | 07/2004 | 06/2004 | 05/2004 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

## Regular Inquiries

Regular Inquiries are posted when someone accesses your credit information from TransUnion. The presence of an inquiry means that the company listed received your credit information on the dates specified. These inquiries will remain on your credit file for up to 2 years.

**SALLIE MAE**

1002 ARTHUR DRIVE
LYNN HAVEN, FL 32444
Phone number not available

**Requested On:** 03/26/2012
**Inquiry Type:** Individual

## Account Review Inquiries

The listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you. These inquiries are not seen by anyone but you and will not be used in scoring your credit file (except insurance companies may have access to other insurance company inquiries, certain collection companies may have access to other collection company inquiries, and users of a report for employment purposes may have access to other employment inquiries, where permitted by law).

**TATE & KIRLIN**

2810 SOUTHAMPTON R
PHILA, PA 19154
Phone number not available

**Requested On:** 10/22/2013





EXHIBIT

B



2810 Southampton Road
Philadelphia, PA  19154-1207

24400467                    32 45 00009673
                            328239

# TATE & KIRLIN ASSOCIATES

2810 Southampton Road
Philadelphia, PA  19154-1207
Toll Free (866)487-9477 • (267)295-9127
*www.paytka.com*



| | |
|---|---|
| Owner: | FIRST FINANCIAL INVESTMENT FUND VI LLC (FHOF I) |
| Original Creditor: | IASIS HEALTHCRE LLC/PALMS OF PASADENA HOSPITAL/PALMS OF PASADENA HOSPITAL |
| Client Ref#: | 0237 |
| Account#: | 0467 |
| Total Due: | $247.63 |

Aaron Swift
3901 12TH ST N E
ST PETERSBURG, FL  33703-5219

October 25, 2013

## ⟹ YOUR OPPORTUNITY ⟸

Our client has authorized us to offer a settlement for 60% of your balance or $148.57 to resolve this debt.  (Saving you $99.05)

Please contact our office at our toll free number should you have any questions or wish to determine if this settlement offer can be made in installments.

Yours truly,

*Thomas McNamee*

### 3 convenient ways to pay

We accept check, money order, Visa/Mastercard (Debit or Credit) • Pay by Phone – Call (866)487-9477 • Pay online at www.paytka.com

using Account # ████0467

Please retain the upper portion of this letter for your records.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**



EXHIBIT
C1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Please detach and return bottom portion with your payment in the envelope supplied; be sure the address below shows through the return envelope window.

October 25, 2013
Aaron Swift - ████0467
3901 12TH ST N E
ST PETERSBURG, FL  33703-5219

☐ Enclosed is a payment of $148.57 to settle my account

Please indicate any address changes below:

Address: _____
City, State, Zip_____
Home Phone #: _____
Business Phone #: _____

IF USING CREDIT CARD PLEASE FILL OUT BELOW

| VISA | CARD NUMBER | EXP. DATE |
|---|---|---|
| | SIGNATURE | |
| MasterCard | AMOUNT | CVV/CID (3-Digit Verification Code on Back of Card) |

**Tate & Kirlin Associates**
2810 Southampton Road
Philadelphia, PA  19154-1207

V1S

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose. You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.



EXHIBIT

C2

32 45 00009573
328239